UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  14-60166-Civ-SCOLA/OTAZO-REYES

FEDERAL TRADE COMMISSION,

      Plaintiff,

           v.

ACQUINITY INTERACTIVE, LLC, *et al.*,

      Defendants.

_____/

## DEFENDANT JOSHUA GREENBERG'S ANSWER
## AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant, JOSHUA GREENBERG ("Greenberg"), by and through undersigned counsel, hereby files his Answer and Affirmative Defenses to Plaintiff, FEDERAL TRADE COMMISSION'S ("FTC") Amended Complaint [Docket Entry #88] (the "Complaint"), and states as follows:

## ANSWER[1]

1.      Greenberg denies the allegations of paragraph 1 of the Complaint except he admits the FTC purports to bring this action on federal statutory claims.

## JURISDICTION AND VENUE

2.      Greenberg denies the allegations of paragraph 2 of the Complaint except he admits this Court has subject matter jurisdiction.

---

1.      Greenberg denies each and every allegation, matter, statement, and thing contained in the Complaint except as may be hereinafter admitted, qualified, or otherwise explained.

3.      Greenberg denies the allegations of paragraph 3 of the Complaint except he admits that venue is proper in the U.S. District Court, Southern District of Florida.

## PLAINTIFF

4.      Greenberg denies the allegations of paragraph 4 of the Complaint except he admits the FTC is a statutorily created agency of the U.S. Government with statutorily defined powers.

5.      Greenberg denies the allegations of paragraph 5 of the Complaint except he admits the FTC has defined statutory authority.

## DEFENDANTS

6.      Greenberg denies the allegations of paragraph 6 of the Complaint except that Greenberg admits that Acquinity Interactive, LLC, maintains its principal place of business at 2200 SW 10th Street, Deerfield Beach, FL 33442, and that Acquinity Interactive, LLC, transacts or has transacted business throughout the United States.

7.      Greenberg denies the allegations of paragraph 7 of the Complaint except that Greenberg admits that 7657030 Canada, Inc., is a Canadian corporation with its registered address at 39 Chambertin, Kirkland, Quebec, Canada H9H 5E3, that maintains the registered fictitious name of "Acquinity Interactive."

8.      Greenberg denies the allegations of paragraph 8 of the Complaint.

9.      Greenberg denies the allegations of paragraph 9 of the Complaint except Greenberg admits that Scott Modist is the Chief Financial Officer of Acquinity Interactive, LLC.

10.      Greenberg denies the allegations of paragraph 10 of the Complaint except Greenberg admits that Joshua Greenberg was formerly the Chief Technology Officer of Acquinity Interactive, LLC.

2

11.    Greenberg denies the allegations of paragraph 11 of the Complaint except Greenberg admits that Greg Van Horn was formerly the Chief Optimization Officer of Acquinity Interactive, LLC.

12.    Greenberg states he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and, therefore, Greenberg denies each allegation.

13.    Greenberg states he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and, therefore, Greenberg denies each allegation.

14.    Greenberg states he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and, therefore, Greenberg denies each allegation.

15.    Greenberg states he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and, therefore, Greenberg denies each allegation.

16.    Greenberg states he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and, therefore, Greenberg denies each allegation.

17.    Greenberg states he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and, therefore, Greenberg denies each allegation.

18.     Greenberg states he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and, therefore, Greenberg denies each allegation.

19.      Greenberg states he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and, therefore, Greenberg denies each allegation.

20.     Greenberg denies the allegations of paragraph 20 of the Complaint.

21.     Greenberg states he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and, therefore, Greenberg denies each allegation.

## COMMERCE

22.     Greenberg denies the allegations of paragraph 22 of the Complaint except that the statute cited speaks for itself.

## DEFENDANTS' BUSINESS ACTIVITIES

23.     Greenberg denies the allegations of paragraph 23 of the Complaint.

## Text Message Spam

24.     Greenberg denies the allegations of paragraph 24 of the Complaint.

25.     Greenberg states he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint and, therefore, Greenberg denies each allegation.

26.     Greenberg denies the allegations of paragraph 26 of the Complaint.

27.    Greenberg states he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint and, therefore, Greenberg denies each allegation.

28.    Greenberg states he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint and, therefore, Greenberg denies each allegation.

29.    Greenberg denies the allegations of paragraph 29 of the Complaint.

30.    Greenberg denies the allegations of paragraph 30 of the Complaint.

31.    Greenberg states he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint and, therefore, Greenberg denies each allegation.

## Text Message Spam Websites

32.    Greenberg states he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint and, therefore, Greenberg denies each allegation.

33.    Greenberg states he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint and, therefore, Greenberg denies each allegation.

## The Free Merchandise Websites

34.    Greenberg denies the allegations of paragraph 34 of the Complaint except he admits only that the landing pages, including all terms and conditions thereon, speak for themselves.

35.    Greenberg denies the allegations of paragraph 35 of the Complaint.

36.     Greenberg denies the allegations of paragraph 36 of the Complaint except Greenberg admits only that, in some instances, consumers were led to a survey and that a given survey page may have included language similar to: "[name], your $1,000 Walmart Gift Card is waiting!"

37.     Greenberg denies the allegations of paragraph 37 of the Complaint except Greenberg admits only that consumers who elected to complete the survey page were most likely led through a series of web pages containing offers for various goods and services from third-parties.

38.     Greenberg denies the allegations of paragraph 38 of the Complaint except Greenberg admits only that: (a) consumers were required to complete a varied number of offers (depending upon the value of the promotional prize) in order to qualify for the promotional prize; (b) clicking on an offer revealed what the consumer must do to "complete" or "participate in" the offer; and (c) some, but not all, of the offers required the consumer to pay money directly to, or incur some other obligation required by, the third-party advertiser of the offer.

39.     Greenberg states he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint and, therefore, Greenberg denies each allegation therein, except Greenberg admits only that some of the offers, such as Netflix, had free trial periods.

40.     Greenberg states he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint as to the possible reasons why a consumer would not have completed the required number of offers to receive the promotional prize and/or the subjective state of mind of such a consumer and, therefore, Greenberg denies each allegation.

41.     Greenberg denies the allegations of paragraph 41 of the Complaint.

42.     Greenberg denies the allegations of paragraph 42 of the Complaint.

43.     Greenberg denies the allegations of paragraph 43 of the Complaint.

## Premium SMS Services

44.     Greenberg denies the allegations of paragraph 44 of the Complaint except Greenberg admits only that some offers presented to consumers on the promotional websites may have requested participating consumers to submit a mobile telephone number.

45.     Greenberg denies the allegations of paragraph 45 of the Complaint except he admits only that the subject Premium SMS offers would likely have required participating consumers to submit a mobile telephone number and complete a pin-code verification process so as to provide an additional layer of protection to the consumer by preventing anyone other than the person having actual and present possession of the mobile telephone from authorizing charges to such mobile telephone account.

46.      Greenberg denies the allegations of paragraph 46 of the Complaint except Greenberg admits only that consumers who participated in the Premium SMS Defendants' offers were required to complete a pin-code verification process to as an additional means of verifying and confirming such consumer's express intent to so participate.

47.     Greenberg denies the allegations of paragraph 47 of the Complaint.

## Initiating Robocalls without Express Written Consent

48.     Greenberg denies the allegations of paragraph 48 of the Complaint except he admits only that Revenue Path E-Consulting Private, Limited, posted the consumer data to Worldwide Commerce Associates, LLC.

49.     Greenberg denies the allegations of paragraph 49 of the Complaint.

50.     Greenberg states he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint and, therefore, Greenberg denies each allegation.

51.     Greenberg states he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint and, therefore, Greenberg denies each allegation.

52.     Greenberg states he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint and, therefore, Greenberg denies each allegation.

53.     Greenberg states he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Complaint and, therefore, Greenberg denies each allegation therein, except he admits only that Revenue Path E-Consulting Private, Limited, posted the consumer data to Worldwide Commerce Associates, LLC.

54.     Greenberg denies the allegations of paragraph 54 of the Complaint.

## VIOLATIONS OF THE FTC ACT

55.     Greenberg denies the allegations of paragraph 55 of the Complaint except that the statute cited speaks for itself.

56.     Greenberg denies the allegations of paragraph 56 of the Complaint that draw legal conclusions and Greenberg further states he is without knowledge or information sufficient to form a belief as to the truth of the FTC's characterization of Section 5(a) of the FTC Act within paragraph 57 of the Complaint and, therefore, Greenberg denies each allegation, except that the statutes and regulations cited speak for themselves.

57.      Greenberg denies the allegations of paragraph 57 of the Complaint except that the statute cited speaks for itself.

## COUNT I

58.      Greenberg denies the allegations of paragraph 58 of the Complaint.

59.      Greenberg denies the allegations of paragraph 59 of the Complaint.

60.      Greenberg denies the allegations of paragraph 60 of the Complaint.

## COUNT II

61.      Greenberg denies the allegations of paragraph 61 of the Complaint except Greenberg admits only that consumers were clearly and conspicuously notified that their personal information was being collected in order to both: (1) send consumers the promotional prize upon qualification; and (2) share such information between defendants and/or third-party advertisers for marketing purposes.

62.      Greenberg denies the allegations of paragraph 62 of the Complaint.

63.      Greenberg denies the allegations of paragraph 63 of the Complaint.

## COUNT III

64.      Greenberg denies the allegations of paragraph 64 of the Complaint.

65.      Greenberg denies the allegations of paragraph 65 of the Complaint.

## COUNT IV

66.      Greenberg denies the allegations of paragraph 66 of the Complaint.

67.      Greenberg denies the allegations of paragraph 67 of the Complaint.

68.      Greenberg denies the allegations of paragraph 68 of the Complaint.

## VIOLATIONS OF THE TELEMARKETING SALES RULE

69.     Greenberg denies the allegations of paragraph 69 of the Complaint that draw legal conclusions and Greenberg further states that he is without knowledge or information sufficient to form a belief as to the truth of the FTC's characterization of statutes, rules and regulations cited within paragraph 69 of the Complaint and, therefore, Greenberg denies each allegation, except that the statutes and regulations cited speak for themselves.

70.     Greenberg denies the allegations of paragraph 70 of the Complaint that draw legal conclusions and Greenberg further states that he is without knowledge or information sufficient to form a belief as to the truth of the FTC's characterization of Worldwide Commerce Associates, LLC, Firebrand Group, S.L., LLC and Matthew Beucler under the regulations cited within paragraph 70 of the Complaint and, therefore, Greenberg denies each allegation, except that the cited regulations speak for themselves.

71.     Greenberg is without knowledge or information sufficient to form a belief as to the truth of the FTC's understanding and application to this case of the regulations cited within paragraph 71 of the Complaint and, therefore, Greenberg denies each allegation, except that the cited regulation speak for themselves.

72.     Greenberg is without knowledge or information sufficient to form a belief as to the truth of the FTC's characterization of the regulation cited within paragraph 72 of the Complaint and, therefore, Greenberg denies each allegation, except that the cited regulation speaks for itself.

73.     Greenberg is without knowledge or information sufficient to form a belief as to the truth of the FTC's understanding and application to this case of the regulations cited within

paragraph 73 of the Complaint and, therefore, Greenberg denies each allegation, except that the cited regulations speak for themselves.

74.     Greenberg is without knowledge or information sufficient to form a belief as to the truth of the FTC's understanding and application to this case of the statutes and regulation cited within paragraph 74 of the Complaint and, therefore, Greenberg denies each allegation, except that the cited statutes and regulation speaks for themselves.

<u>**COUNT V**</u>

75.     Greenberg denies the allegations of paragraph 75 of the Complaint.

76.     Greenberg denies the allegations of paragraph 76 of the Complaint.

<u>**COUNT VI**</u>

77.     Greenberg denies the allegations of paragraph 77 of the Complaint.

78.     Greenberg denies the allegations of paragraph 78 of the Complaint.

<u>**CONSUMER INJURY**</u>

79.     Greenberg denies the allegations of paragraph 79 of the Complaint.

<u>**THIS COURT'S POWER TO GRANT RELIEF**</u>

80.     Greenberg is without knowledge or information sufficient to form a belief as to the truth of the FTC's understanding and application to this case of the statutory provisions and regulations cited within paragraph 80 of the Complaint and, therefore, Greenberg denies the allegations, except that the cited statute and regulations speak for themselves.

81.     Greenberg denies that he violated the Telemarketing Sales Rule, the FTC Act and the Telemarketing Act as alleged in paragraph 81 of the Complaint and states he is without knowledge or information sufficient to form a belief as to the truth of the FTC's understanding and application to this case of the regulations cited within paragraph 81 and, therefore,

Greenberg denies each allegation, except that the cited statutes and regulations speak for themselves.

## PRAYER FOR RELIEF

82.    Greenberg denies that the FTC is entitled to any requested relief.

## AFFIRMATIVE DEFENSES[2]

Greenberg asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE:

83.    Plaintiff's claims are moot.

84.    Greenberg has ceased the allegedly actionable conduct of which the FTC complains.

85.    Thus, mootness affects the remedies being sought.

## SECOND AFFIRMATIVE DEFENSE:

86.    Plaintiff's entitlement to monetary relief, if any, should be offset by the amount of any benefit received by consumers and/or third parties, and the costs associated with offering the goods and/or services.

87.    Any monetary relief awarded to plaintiff must be reduced by what Greenberg has paid in federal, state, local, and other taxes and expenses.

## THIRD AFFIRMATIVE DEFENSE:

88.    The damages purportedly suffered by any third parties (consumers) were proximately caused by intervening and superseding actions and occurrences including, but not

---

2.    Nothing stated within these affirmative defenses shall be construed as an admission of liability, guilt, or that any particular issue or subject matter is relevant to Plaintiff's claims.

limited to, actions of persons, entities, and/or forces over which Greenberg exerted no control and for which Greenberg has no responsibility.

89.     Any recovery by Plaintiff against Greenberg must be set off or reduced, abated, or apportioned to the extent that any other intervening or superseding action or occurrence caused or contributed to damages awarded to plaintiff.

### FOURTH AFFIRMATIVE DEFENSE:

90.     The acts or practices complained of did not cause substantial injury to consumers and any such injuries that allegedly did occur are outweighed by the countervailing benefits to consumers or to competition.

### FIFTH AFFIRMATIVE DEFENSE:

91.     Through the standard operating procedures in place at Acquinity Interactive, LLC and 7657030 Canada, Inc., including strict compliance and oversight provisions in contracts with third-party advertisers and publishers, Greenberg makes every attempt to ensure his businesses and involved third parties operate in accordance with the law to preclude harm or damages to consumers.

92.     Recovery by the FTC is barred, in whole or in part, by each consumer's failure to act reasonably under the circumstances and to mitigate any damages allegedly sustained due to Greenberg's alleged deceptive marketing practices.

### SIXTH AFFIRMATIVE DEFENSE:

93.     Greenberg acted in good faith and without knowledge of the alleged violation of law.

94.     Through the standard operating procedures in place at Acquinity Interactive, LLC and 7657030 Canada, Inc., which involved the approval of website content, consumer

verifications, and strict compliance and oversight provisions in their contracts with third-party advertisers and publishers, Greenberg makes every attempt to operate in good faith and in conformance with all applicable laws and regulations.

95.     Good faith is relevant to the determination of the appropriate relief the FTC may obtain.

## SEVENTH AFFIRMATIVE DEFENSE:

96.     The alleged acts or practices are required or specifically permitted by federal or state law.

97.     Advertising, marketing, promotion, or distribution of advertised offers are not *per se* deceptive as the FTC alleges; Greenberg has communicated the necessary disclosures or caused them to be communicated in order to apprise consumers of the material terms and conditions of offers or to qualify for the promotional prize; and, Greenberg has properly made use of any information obtained.

98.      Through the standard operating procedures in place at Acquinity Interactive, LLC and 7657030 Canada, Inc., which involved website content approval, consumer verifications, and strict compliance and oversight provisions in contracts with third-party advertisers and publishers, Greenberg makes every attempt to comply with the applicable statutes and regulations.

99.     Finally, Greenberg obtained express consent from the consumer before sending any text messages.

## EIGHTH AFFIRMATIVE DEFENSE:

100.    Greenberg ensured that his businesses and third parties clearly and conspicuously disclosed all material conditions, obligations and costs associated with any offer made or to qualify for the promotional prize.

## NINTH AFFIRMATIVE DEFENSE:

101.    The FTC's claims, in whole or part, must be dismissed on constitutional grounds because they infringe on First Amendment rights.

102.    Greenberg's actions past and present are protected by the First Amendment.

103.    No trier of fact has found that Greenberg's marketing practices are false or deceptive.

104.    If Greenberg is enjoined from engaging in commercial speech going forward based solely on the FTC's assertion that he has in the past engaged in prohibited speech, Greenberg's First Amendment right to communicate truthful commercial speech would be violated.

## TENTH AFFIRMATIVE DEFENSE:

105.    The alleged conduct did not involve a material representation or omission that was likely to mislead a consumer, acting reasonably under the circumstances, to the consumer's detriment.

106.    Despite what the FTC alleges, advertising, marketing, promotion, or distribution of advertised offers are not *per se* deceptive.

107.    Text messaging is a fast emerging medium that many have embraced, and information sent in this medium is identified as a solicitation or advertisement for products or services, such as in transactional or relationship messages.

108.    Greenberg has communicated the necessary disclosures or caused them to be communicated in order to apprise consumers of the material terms and conditions of offers or to qualify for the promotional prize; Greenberg has properly made use of any information obtained; and Greenberg has obtained consent.

109.    Greenberg's alleged conduct would not likely mislead a consumer, acting reasonably under the circumstances, to the consumer's detriment.

## ELEVENTH AFFIRMATIVE DEFENSE:

110.    The FTC's claims, in whole or part, must be dismissed on constitutional grounds because the claims violate the Greenberg's due process rights.

111.    The statutes the Plaintiff alleges Greenberg has violated should be void for vagueness.

112.    The statutes do not clearly explain what conduct is prohibited.

## TWELFTH AFFIRMATIVE DEFENSE:

113.    The FTC's claims, in whole or part, must be dismissed as the FTC has arbitrarily selected to sue Greenberg and his entities even though many other businesses operate with similar practices that are accepted as lawful by the FTC.

114.    Rather than pursue similarly situated parties who offer "free" merchandise with proper terms and conditions, the FTC seeks to selectively enforce its claims against Greenberg.

115.    The FTC's selective enforcement of the claims against Greenberg is relevant to the determination of the appropriate relief the FTC may obtain

## **RESERVATION OF RIGHTS:**

116.    In addition to the foregoing defenses, Greenberg reserves the right to supplement and/or amend his affirmative and other defenses as those defenses become known during this litigation.

WHEREFORE, Defendant, JOSHUA GREENBERG, respectfully requests that this Honorable Court dismiss with prejudice Plaintiff's Complaint and/or to enter judgment in favor of JOSHUA GREENBERG, and to further grant JOSHUA GREENBERG his reasonable attorney's fees and costs pursuant to applicable statute or rule of procedure, and for any other and further relief as this Honorable Court deems just and proper.

Dated this 14th day of August, 2014.

Respectfully Submitted,

/s/ Richard W. Epstein
RICHARD W. EPSTEIN
Florida Bar No. 229091
Richard.Epstein@gmlaw.com
JEFFREY A. BACKMAN
Florida Bar No. 662501
Jeffrey.Backman@gmlaw.com
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 213-0140

*Attorneys for Joshua Greenberg*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic mail on all counsel or parties of record listed in the below Service List on this 14th day of August, 2014.

*s/ Richard W. Epstein*_____

Richard W. Epstein

## SERVICE LIST

Steven M. Wernikoff, Esq.
Matthew H. Wernz, Esq.
John C. Hallerud, Esq.
Federal Trade Commission
55 West Monroe Street, Suite 1825
Chicago, IL 60603
Tel.: (312) 960-5634
swernikoff@ftc.gov
mwernz@ftc.gov
jhallerud@ftc.gov
*Attorney for Plaintiff*
*Federal Trade Commission*

Douglas J. Jeffrey, Esq.
Law Offices of Douglas J. Jeffrey, P.A.
6625 Miami Lakes Drive East, Ste 379
Miami Lakes, FL 33014
Tel.: (305) 828-4744
dj@jeffreylawfirm.com
*Attorney for Defendant*
*Gregory Van Horn*