**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:  14-60166-Civ-SCOLA/OTAZO-REYES**

FEDERAL TRADE COMMISSION,

    Plaintiff,

        v.

ACQUINITY INTERACTIVE, LLC, *et al.*,

    Defendants.

_____/

**STIPULATED FINAL JUDGMENT AND ORDER FOR**
**PERMANENT INJUNCTION AND OTHER  EQUITABLE  RELIEF AS TO**
**DEFENDANTS BURTON KATZ AND JONATHAN SMYTH**

    Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), for a permanent injunction and other equitable relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108. The Commission and Defendants Burton Katz and Jonathan Smyth ("Stipulating Defendants") stipulate to entry of this Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief as to Defendants Burton Katz and Jonathan Smyth ("Order") to resolve all matters in dispute in this action between them.

    **NOW THEREFORE**, Plaintiff and Stipulating Defendants, having requested the Court to enter this Order, and the Court having considered the Order reached between the parties, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

- 1 -

## FINDINGS

1. The Court has jurisdiction over this matter.

2. The Complaint charges that Stipulating Defendants have participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, by placing unauthorized charges on consumers' mobile phone bills.

3. Stipulating Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Stipulating Defendants admit the facts necessary to establish jurisdiction.

4. Stipulating Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney's fees.

5. Stipulating Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1. "Person" or "persons" includes a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

2. "Plaintiff" means the Federal Trade Commission ("FTC" or "Commission").

3. "Stipulating Defendants" means Burton Katz and Jonathan Smyth, individually and collectively.

**I.**

**BAN ON PLACING CHARGES ON TELEPHONE BILLS**

**IT IS ORDERED** that Stipulating Defendants are permanently restraining and enjoined from billing, submitting for billing, or assisting or facilitating the billing or submitting for billing, charges to any telephone bill, including but not limited to a bill for any voice, text, or data service.

**II.**

**INJUNCTION AGAINST MISREPRESENTATIONS**

**IT IS FURTHER ORDERED** that, in connection with the advertising, marketing, promotion, offering for sale, sale, or distribution of any product or service, Stipulating Defendants, Stipulating Defendants' officers, agents, servants, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from making, or assisting others in making, expressly or by implication, any false or misleading material representation, including representations concerning the cost, performance, efficacy, nature, characteristics, benefits, or safety of any product or service, or concerning any consumer's obligation to pay for charges for any product or service.

**III.**

**EXPRESS INFORMED CONSENT**

**IT IS FURTHER ORDERED** that, in connection with the advertising, marketing, promotion, offering for sale, sale, or distribution of any product or service, Stipulating Defendants, Stipulating Defendants' officers, agents, servants, and employees, and all other

persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from causing any consumer to be billed for any product or service without having previously obtained the consumer's express informed consent, and having created and maintained a record of such consent.

## IV.

## MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of Seven Hundred and Four Thousand, Two Hundred and Forty-Four Dollars ($704,244) is entered in favor of the Commission against Defendant Burton Katz as equitable monetary relief.

B. Katz is ordered to pay to the Commission Seven Hundred and Four Thousand, Two Hundred and Forty-Four Dollars ($704,244). Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

C. Judgment in the amount of Seven Hundred and Four Thousand, Two Hundred and Forty-Four Dollars ($704,244) is entered in favor of the Commission against Defendant Jonathan Smyth as equitable monetary relief.

D. Smyth is ordered to pay to the Commission Seven Hundred and Four Thousand, Two Hundred and Forty-Four Dollars ($704,244). Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

E.  On or before September 8, 2014, Stipulating Defendants shall turn over to their undersigned counsel a total of Seven Hundred and Four Thousand, Two Hundred and Forty-Four Dollars ($704,244), which their undersigned counsel will hold in escrow for the sole purpose of partially satisfying the Judgment.  Undersigned counsel for Stipulating Defendants shall promptly notify counsel for the FTC of receipt of said amount, and the identity of the account where the funds are maintained.

F.  Stipulating Defendants relinquish dominion and all legal and equitable rights, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

G.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

H.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

I.  Stipulating Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Stipulating Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

J.  All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a

representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Stipulating Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited into the U.S. Treasury as disgorgement. Stipulating Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## V.

## COOPERATION WITH FTC COUNSEL

**IT IS FURTHER ORDERED** that Stipulating Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Stipulating Defendants must provide truthful and complete information, evidence, and testimony. Stipulating Defendants must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## VI.

## PROHIBITIONS REGARDING CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that Stipulating Defendants, Stipulating Defendants' officers, agents, servants, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and

enjoined from directly or indirectly:

  A. Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

  B. Disclosing, selling, renting, leasing, transferring, using, or benefitting from customer information, including the name, address, birth date, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the placement of charges on consumers' phone bills; and

  C. Failing to destroy such customer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the Commission.

  *Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## VII.
## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Stipulating Defendants obtain acknowledgments of receipt of this Order:

  A. Each Stipulating Defendant, within 7 days of entry of this Order, must submit to

the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, each Stipulating Defendant for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of this Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Stipulating Defendant delivered a copy of this Order, that Stipulating Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VIII.
## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Stipulating Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Stipulating Defendant must submit a compliance report, sworn under penalty of perjury. Each Stipulating Defendant must:

1. identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences;

2. identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such

Defendant has any ownership interest;

3. describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

4. identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Stipulating Defendant;

5. identify all of that Stipulating Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

6. describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Stipulating Defendants must describe if they know or should know due to their own involvement);

7. describe in detail whether and how that Stipulating Defendant is in compliance with each Section of this Order; and

8. provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For ten (10) years after entry of this Order, each Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. any designated point of contact;

2. the structure of any entity that Stipulating Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under

this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order;

        3.    name, including aliases or fictitious name, or residence address; or

        4.    title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and Internet address of the business or entity.

    C.    Each Stipulating Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Stipulating Defendant within 14 days of its filing.

    D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____ " and supplying the date, signatory's full name, title (if applicable), and signature.

    E.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin: *FTC v. Acquinity Interactive, LLC*, FTC Matter No. X1223161.

## IX.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that Stipulating Defendants must create certain records for ten (10) years after entry of the Order, and retain each such record for 5 years. Specifically, each Stipulating Defendant for any business that such Defendant, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

   A. Accounting records showing the revenues from all goods or services sold;

   B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

   C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

   D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

   E. All records of any consumer's authorization to be billed or charged for any of Stipulating Defendants' goods or services.

## X.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Stipulating Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Stipulating Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Stipulating Defendant. Stipulating Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Stipulating Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Stipulating Defendants or any individual or entity affiliated with Stipulating Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XI.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated: __October 16__, 2014

_____
Hon. Robert N. Scola, Jr.
United States District Judge

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

_____  Date: OCT. 8, 2014
Steven M. Wernikoff
John C. Hallerud
Matthew H. Wernz
Federal Trade Commission
55 W. Monroe St., Suite 1825
Chicago, IL 60603
(312) 960-5634 [phone]
Attorneys for Plaintiff Federal Trade Commission

**FOR STIPULATING DEFENDANTS:**

_____  Date: _____
Defendant Burton Katz


_____  Date: _____
Defendant Jonathan Smyth


*[signature]*  Date: 8-19-14
Linda A. Goldstein
Holly A. Melton
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, NY 10036
(212) 790-4500 [Phone]
*Attorneys for Defendants Burton Katz and Jonathan Smyth*

**FOR STIPULATING DEFENDANTS:**

_____          Date: _____
Defendant Burton Katz

_____          Date: 8·14·14
Defendant Jonathan Smyth

_____          Date: _____
Linda A. Goldstein
Holly A. Melton
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, NY  10036
(212) 790-4500 [Phone]
*Attorney for Defendants Burton Katz and Jonathan Smyth*

FOR STIPULATING DEFENDANTS:

_____   Date: AUG 14, 2014
Defendant Burton Katz


_____   Date: _____
Defendant Jonathan Smyth


_____   Date: _____
Linda A. Goldstein
Holly A. Melton
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, NY 10036
(212) 790-4500 [Phone]
*Attorney for Defendants Burton Katz and Jonathan Smyth*